IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNIE G. NEAL,           § | | |
|     Plaintiff,           § | | |
| § | | |
| v.           § | | 3:12-CV-3954-P-BK |
| § | | |
| UNITED STATES COURT OF           § | | |
| APPEALS FOR THE FIFTH CIRCUIT, § | | |
|     Defendant.           § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed.

**I. BACKGROUND**

Plaintiff filed a *pro se* complaint against the United States Court of Appeals for the Fifth Circuit and this Court granted his motion to proceed *in forma pauperis*. As best as the Court can decipher, Plaintiff complains that the Court of Appeal's *per curium* opinion dismissing his appeal for lack of jurisdiction, and denying as moot his appeal of the district court's denial of his motion for extension of time to file a notice of appeal, was the result of Clerk's Office employees mishandling his motions. (Doc. 3 at 1, 5-12).

**II. ANALYSIS**

Plaintiff's complaint should be dismissed *sua sponte* as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief). A complaint is frivolous

when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Even when liberally construed in light of his *pro se* status, Plaintiff's pleadings lack any arguable basis in law.  In answer to the Court's questionnaire, Plaintiff denies even being a party to the dismissed appellate case he contests here.  (Doc. 13).  Thus, this action is legally frivolous and should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous.

SIGNED November 15, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE